**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **DELEXIS LAWRENCE,**<br>**c/o Stokar Law, LLC**<br>**9200 Montgomery Road**<br>**Building E – Unit 18B**<br>**Cincinnati, Ohio 45242**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**TOAST & BERRY LIBERTY CENTER, LLC,**<br>**c/o Taft Service Solutions Corp.,**<br>**Registered Agent**<br>**301 East Fourth Street, Suite 2800**<br>**Cincinnati, Ohio 45202**<br><br>**and**<br><br>**TOAST & BERRY RESTAURANT GROUP, LLC,**<br>**c/o Taft Service Solutions Corp.,**<br>**Registered Agent**<br>**301 East Fourth Street, Suite 2800**<br>**Cincinnati, Ohio 45202,**<br><br>**and**<br><br>**LOOKING GLASS HOSPITALITY GROUP, LLC,**<br>**c/o Taft Service Solutions Corp.,**<br>**Registered Agent**<br>**301 East Fourth Street, Suite 2800**<br>**Cincinnati, Ohio 45202**<br><br>**and**<br><br>**HEIDI RUGH, Individually.**<br>**7485 Gibson Street**<br>**Liberty Township, Ohio 45069**<br><br>**Defendants.** | : | **CASE NO:**<br><br>**JUDGE:**<br><br>**VERIFIED COMPLAINT**<br><br>**(WITH JURY DEMAND)** |

Plaintiff Delexis Lawrence, for her Complaint against Defendants Toast & Berry Liberty Center, LLC, Toast & Berry Restaurant Group, LLC, Looking Glass Hospitality Group, LLC and Heidi Rugh, individually, (collectively "Defendants") states as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff is a former employee of Defendants. Defendants failed to pay Plaintiff the statutorily required minimum wage for all hours worked,.

2. Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., Title 29 of the Code of Federal Regulations, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.01 et seq. Plaintiff seeks redress, including pay for all hours worked and overtime pay for the two (2) years preceding the filing of this action, liquidated damages in an equal amount, declaratory and injunctive relief, and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

3. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215. Federal jurisdiction is invoked to secure protection of and to redress deprivations of rights under the statutes of the United States, specifically including the FLSA, 29 U.S.C. § 201, et seq.

4. Plaintiff seeks an exercise of this Court's Supplemental Jurisdiction as to the Ohio State law claims under 28 U.S.C § 1367.

5. Plaintiff is a citizen of the State of Ohio.

6. Defendants reside within or have their principal place of business within the Southern District of Ohio.

7. The acts and/or omissions complied of herein were committed and had a principal effect, as described more fully below, within the Southern District of Ohio, Western Division.

8. Venue is appropriate because the actions complained of by the Plaintiff occurred within the Southern District of Ohio, Western Division.

## III. PARTIES

9. Plaintiff is an adult female citizen of the United States who resides in Hamilton, Ohio in Butler County.

10. Plaintiff was employed by Defendants from October 4, 2024 through September 27, 2026.

11. At all relevant times, Plaintiff was an employee within the meaning of § 29 U.S.C. 203(d) and R.C. 4111.14.

12. Defendant Toast & Berry Liberty Center, LLC ("Toast & Berry Liberty") is an Ohio limited liability company that operates a restaurant doing business as Toast and Berry at Liberty Center, at 7485 Gibson Street, Liberty Township, Ohio. At all relevant times, Toast & Berry Liberty employed Plaintiff at that location.

13. Defendant Toast & Berry Restaurant Group, LLC ("Toast & Berry Restaurant Group") is an Ohio limited liability company engaged in the operation and management of the Toast & Berry restaurant business. It participated in the administration and payment of Plaintiff's wages. A copy of Plaintiff's last paycheck, drawn on the account of Defendant Toast & Berry Restaurant Group, is attached as Exhibit A.

14. Defendant Looking Glass Hospitality Group, LLC ("Looking Glass") is an Ohio limited liability company engaged in the operation and management of restaurants in greater Cincinnati, including Toast & Berry Liberty. Defendant Looking Glass participated in Plaintiff's employment, including by extending an offer of employment to Plaintiff. A copy of the employment offer is attached as Exhibit B.

15. Defendants Toast & Berry Liberty, Toast & Berry Restaurant Group and Looking Glass were employers of Plaintiff within the meaning of § 29 U.S.C. 203(d).

16. Defendants Toast & Berry Liberty, Toast & Berry Restaurant Group and Looking Glass were enterprises within the meaning of 29 U.S.C. § 203.

17. Defendants Toast & Berry Liberty, Toast & Berry Restaurant Group and Looking Glass had annual gross receipts in 2026 sufficient to subject it to the minimum wage requirements of Article II, Section 34a of the Ohio Constitution, and R.C. 4111.02 and 4111.14.

18. Defendant Heidi Rugh, individually, is the General Manager of Defendant Toast & Berry Liberty, where Plaintiff was formerly employed.

19. Defendant Heidi Rugh sets the terms and conditions of work for individuals employed by Defendants, including but not limited to rates of pay, policies, rules and regulations, and exercised operation control over Toast & Berry Liberty.

20. Defendant Heidi Rugh is a person "acting directly or indirectly in the interest of an employer in relation to an employee" and, therefore, meets the definition of employer within the meaning of 29 U.S.C. § 203(d).

21. The wage and hour violations alleged herein took place within Liberty Township, Butler County, Ohio, which is within this judicial district.

## IV. STATEMENT OF FACTS

22. Plaintiff worked for Defendants as a Kitchen Manager at their Toast & Berry Liberty location from on or about October 4, 2024 through September 27, 2026.

23. On September 9, 2026, Looking Glass Hospitality offered Plaintiff a promotion to the salaried position of Sous Chef, which she accepted. *See* Ex. B.

24. Plaintiff's rate of pay during the relevant time period was $55,000.00 annually, paid

as $2,115.38 bi-weekly.

25. During the workweek of September 21 through September 27, 2026, Plaintiff's final workweek, she worked 48.75 hours.

26. Defendants issued a check to Plaintiff dated October 9, 2026 in the amount of $899.35, purportedly for her last week's wages. *See* Ex. A.

27. When Plaintiff presented the check for payment, it was dishonored. As a result, Plaintiff did not receive pay for any of the hours she worked during her last workweek.

28. Defendants' conduct caused Plaintiff to be denied pay at the statutory minimum wage for all hours worked.

## VI. STATEMENT OF CLAIMS

### Count One
**Failure to Pay Minimum Wage Under the FLSA**
**29 U.S.C. § 206(a) – ALL DEFENDANTS**

29. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

30. Defendants violated the FLSA by failing to pay Plaintiff minimum wage for all hours worked during the relevant time period.

31. Plaintiff is entitled to pay for all hours worked for which she was not paid the required minimum wage, liquidated damages in an amount equal thereto, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### Count Two
**Failure to Pay Minimum Wage Under**
**the Ohio Minimum Fair Wage Standards Act**
**R.C. 4111.01 *et seq.* – ALL DEFENDANTS**

32. Plaintiff incorporates by reference all of the above paragraphs as though fully

restated herein.

33. Under R.C. 4111.01 et seq., Defendants were required to pay its Ohio employees at a certain minimum wage.

34. Defendants failed to pay Plaintiff at least minimum wage for all hours worked during the relevant time period.

35. Defendant's conduct as described above violates the OMFWSA provisions regarding minimum wage.

36. Plaintiff is entitled to the remedies contained in R.C. 4111.14 because of Defendant's failure to pay minimum wage.

**Count Three**
**Unjust Enrichment/Quantum Meruit – ALL DEFENDANTS**

37. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

38. Plaintiff conferred benefits upon Defendants when she worked hours and provided services to the Defendants and performed such other acts and conduct for Defendants' benefit.

39. The benefits were conferred by Plaintiff without receiving just compensation from Defendants for the services rendered.

40. Defendants have been unjustly enriched by the benefits conferred by Plaintiff.

41. Plaintiff is entitled to just compensation for the reasonable value of the services rendered to Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Judgment against Defendants for violating the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act;

2. An injunction prohibiting Defendants from engaging in future minimum wage violations;

3. An award of unpaid wages as appropriate;

4. An award of liquidated damages consistent with the provisions of the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act;

5. An award of Plaintiff's reasonable attorney's fees and costs; and

6. All such other relief as the Court deems appropriate.

Respectfully submitted,

**STOKAR LAW, LLC**

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)
9200 Montgomery Road
Building E – Unit 18B
Cincinnati, Ohio 45242
Tel: 513-500-8511
rss@stokarlaw.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in this matter.

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **DELEXIS LAWRENCE,** | : | **CASE NO:** |
| | : | |
| **Plaintiff,** | : | **JUDGE:** |
| | : | |
| **vs.** | : | |
| | : | |
| **TOAST & BERRY LIBERTY CENTER, LLC, et al.,** | : | **VERIFICATION** |
| | : | |
| | : | |
| **Defendants.** | : | |

I, Delexis Lawrence, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am over the age of 18 and am competent to testify as to all matters described herein.

2. I have read the foregoing Verified Complaint.

3. I am well acquainted with the facts set forth in the Verified Complaint and the facts stated therein are true to the best of my personal knowledge.

Dated: October 27, 2026

[signature]
Delexis Lawrence